## Howard v. Ronnie Products, Inc.

*Joseph E. Gallagher* and *Philip V. Mattes*, for plaintiff.

*C. H. Welles, 3rd*, for defendant.

HOBAN, P. J., March 20, 1953.—Plaintiff Howard, a New York lawyer, secured in a New York City court a judgment to him as attorney for a South American client against William Ronnie, Inc., a corporation.

William Ronnie was the principal stockholder and president of William Ronnie, Inc., of Ronnie Products, Inc., this defendant, and other corporations, all of which maintained common offices in New York City. Plaintiff pursuing execution process caused a levy to be made on the New York office equipment. An officer of defendant company offered to pay plaintiff $500 to postpone the levy and allow defendant company to continue to use the office equipment undisturbed. Plaintiff accepted, a check of defendant company was given to plaintiff on a Scranton bank, the check was put in course of collection but payment thereon was refused for insufficient funds. Plaintiff sued for the $500 and a jury returned a verdict in his favor.

This motion for judgment n. o. v. is based on the theory that both the pleadings and the evidence show that Howard is not the real party in interest and,

therefore, had no right to maintain this suit and a verdict in his favor may not stand.

Howard qualifies as the real party in interest for the purpose of prosecuting this suit under the exception stated in Pa. R. C. P. 2002(*b*) (1). The pleadings indicated that plaintiff sued for and secured the New York judgment in a representative capacity only —and the evidence indicates that the levy against the goods in defendant's office was in pursuance of collection for a client, and that the check for $500 was specifically paid to plaintiff as "attorney" and on account of a foreign creditor. Pa. R. C. P. 2002(*b*) (1) requires that the fiduciary or representative capacity of plaintiff be indicated not only in plaintiff's initial pleading, which was done, but in the caption as well, which was not done. The matter may be cured by amendment at any time by leave of court (Pa. R. C. P. 1033), which ought to be applied for and the caption corrected before judgment is entered.

The rule for judgment n. o. v. must be discharged.

As to the rule for new trial, defendant argues that consideration for the check was not legally proved, for failure to apply the best evidence rule. The failure alleged was in not requiring plaintiff to produce an exemplification of the record of the New York court to establish the fact of the judgment in his favor on which he proceeded in execution to the annoyance and inconvenience of this defendant. The fact that a levy was made and a sale of the office furniture used by defendant was impending, was proved by competent evidence, likewise the forbearance of plaintiff to insist on his levy when defendant's officer, to preserve an advantage to defendant, agreed to pay him $500 and gave him a check.

The consideration here is the forbearance of plaintiff, to defendant's advantage, in preserving an office, and not any obligation on the part of this defendant to

pay a debt of another corporation. Such consideration is good. See Industrial Tape Corporation v. Ronnie Products, Inc., 54 Lack. Jur. 55.

The rule for a new trial must be discharged.

Now, March 20, 1953, the rule to show cause why judgment should not be entered for defendant and against plaintiff non obstante veredicto, is discharged.

Now, March 20, 1953, the rule to show cause why a new trial should not be awarded is discharged.

Judgment on the verdict not to be entered until the caption is amended to conform to the complaint, after appropriate petition and leave of court.